# United States Court of Appeals
## For the First Circuit

No. 05-1567

UNITED STATES OF AMERICA,

Appellee,

v.

JAVIER RIVERA-RIVERA,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Boudin, Chief Judge,

Cyr, Senior Circuit Judge,

and Lipez, Circuit Judge.

Michael R. Hasse for appellant.
Juan E. Milanés, Assistant United States Attorney, with whom Rosa Emilia Rodríguez-Vélez, United States Attorney, Nelson Pérez-Sosa, Assistant United States Attorney, and Germán A. Rieckehoff, Assistant United States Attorney, were on brief for appellee.

February 16, 2007

**CYR, <u>Senior Circuit Judge</u>.** Javier Rivera-Rivera (Rivera) appeals from a judgment of conviction for conspiracy to distribute drugs, 21 U.S.C. § 846, and possession or use of a firearm in furtherance of a drug conspiracy, 18 U.S.C. § 924(c). We affirm.

**I**

**<u>BACKGROUND</u>**

In 2003, the Police of Puerto Rico (POPR) and the Federal Bureau of Investigation (FBI) jointly conducted an investigation of POPR police corruption, code-named "Dark Justice." A POPR investigator, Officer Carlos Nazario Lebron (Nazario), enlisted Daniel Perez (Perez), a corrupt POPR officer, as a cooperating witness. Officer Nazario asked Perez to approach two POPR officers suspected of corruption – Felipe Brito Ramos (Brito) and appellant Rivera – and propose that they join him in a drug and money ripoff scheme. On April 23 and 28, 2003, in two conversations which were secretly video- and audio-taped, Perez explained to Brito and Rivera that he had been suspended from the POPR for corruption, that he planned to steal cash and a kilo of heroin – which only Perez knew to be fake – from a drug dealer's parked car, that he wanted Brito and appellant to participate in the theft so that any passersby would think it was an official police search of the automobile, and that Perez's brother would sell the heroin for them after the theft. Brito and Rivera agreed to the scheme, and on May 9, 2003, Perez, Brito and Rivera executed the theft of the heroin

and money as planned.  The theft was surreptitiously video- and audio-taped.

In due course, Rivera was indicted for conspiring to distribute drugs, 21 U.S.C. § 846, and possessing or using a firearm in furtherance of the drug conspiracy, 18 U.S.C. § 924(c). After a jury convicted Rivera on each count, he was sentenced to 151 months' imprisonment.  Rivera now appeals from the judgment of conviction.

## II

## DISCUSSION

The primary defense theory presented at trial was that Rivera had believed that the trio would steal only money from the drug dealer's vehicle, and that Rivera was unaware that Perez intended to steal drugs as well.  On appeal, Rivera argues that the district court erred in admitting evidence of his drug-related activities prior to and following May 9, which undermined his defense theory.  He contends that this "bad acts" evidence was inadmissible under Federal Rule of Evidence 404(b),[1] that its

---

[1]Rule 404(b) provides:

Other Crimes, Wrongs, or Acts – Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial,

-3-

unfairly prejudicial effect substantially outweighed its probative value, see Fed. R. Evid. 403, and that the district court failed to instruct the jury regarding limitations on their use of Rule 404(b) evidence (viz., not to prove his bad character or propensity to commit the charged offenses).

## A. The Prior Marijuana Theft

Rivera first challenges the admission in evidence of the trial testimony that Perez heard that Rivera had once stolen marijuana Rivera had seized during a police operation at a housing project. Rivera relies on the fact that his alleged marijuana theft had no demonstrated relationship (e.g., common coconspirators or temporal proximity) to the conspiracy to commit the May 9, 2003, heroin theft. See United States v. Varoudakis, 233 F.3d 113, 119-20 (1st Cir. 2000).

Normally, we review the admission of Rule 404(b) evidence only for an abuse of discretion. See United States v. Landrau-Lopez, 444 F.3d 19, 23 (1st Cir.), cert. denied, 127 S. Ct. 181 (2006). As Rivera did not object to the admission of this evidence below, however, our review is for plain error only, see United States v. Washington, 434 F.3d 7, 12 (1st Cir. 2006), which requires that defendant demonstrate that an obvious error occurred,

———————————

or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

which affected his substantial rights, and seriously impaired the fairness, integrity, or public reputation of the judicial proceedings, see id. at 11. We discern no plain error.

First, Rivera cannot persuasively complain about the admission of this evidence, given that it was the defense – not the government – which elicited it in the course of its cross-examination of Perez, in a botched attempt to establish that Rivera had never been involved in any prior drug theft while serving on the police force. See United States v. Lizardo, 445 F.3d 73, 84 (1st Cir.), cert. denied, 127 S. Ct. 524 (2006).[2]

In any event, the record clearly discloses that the admission of the Perez testimony under Rule 404(b), even if it were erroneous, ultimately did not affect Rivera's substantial rights. See Washington, 434 F.3d at 11. The government adduced overwhelming admissible evidence to refute the defense theory that Rivera had not realized that Perez planned to steal heroin from the drug dealer's vehicle on May 9, 2003. The evidence included: (i) video- and audio-recorded conversations of the coconspirators' meetings on April 23 and 28, 2003, wherein Perez made clear to

---

[2]Defense counsel first asked Perez whether he had informed the FBI during debriefings that the only crime that Rivera previously had committed was a car burning. Perez stated that he also had heard that Rivera and Brito had stolen the 1.5 pounds of marijuana which they had seized at a housing project. Apparently taken by surprise, defense counsel persisted, in a vain and ultimately unsuccessful attempt to show that Perez had not told the FBI about Rivera's rumored marijuana theft.

Rivera and Brito that they would steal drugs from the drug dealer's vehicle; (ii) video- and audio recordings of the actual theft on May 9 in which Rivera witnessed Perez removing the heroin from the vehicle; and (iii) recordings of a meeting between Perez and Rivera on July 7, 2003, in which Rivera approached Perez to ask him if he wanted to join a similar drug theft. The Perez trial testimony corroborated the substance of all these inculpatory recordings. Given the pellucid trial record, it is inconceivable that, were it not for the admission of the Perez testimony regarding Rivera's prior marijuana theft, the jury would have concluded that Rivera was unaware that the conspiracy encompassed the theft of heroin.

## B.    The July 7 Meeting

Rivera next challenges the Perez testimony that, two months after the May 9 theft, Rivera approached Perez with an offer to participate in a similar drug theft. The district court admitted this evidence on the twin grounds that the Rivera offer was part and parcel of the ongoing drug conspiracy charged in the indictment, and/or that the evidence was admissible under Rule 404(b) because it tended to rebut the defense theory that Rivera had not known that the May 9 theft would involve drugs.

On appeal, Rivera challenges only the former ground. We need not reach that argument, however,[3] inasmuch as Rivera's July

_____

[3]We note, nonetheless, that the district court's finding of a single conspiracy is supported by the close temporal proximity of the July 7 meeting to the May 9 theft, and the fact that the Rivera

-6-

7 offer was admitted in evidence neither to demonstrate bad character nor propensity to commit crimes, but instead was plainly admissible under Rule 404(b) as a "bad act" tending to rebut the defense theory that Rivera lacked the requisite knowledge that the conspiracy – and his May 9 actions in furtherance of that conspiracy – involved the planned theft of not only cash, but drugs as well. See, e.g., Landrau-Lopez, 444 F.3d at 24 (upholding admission of evidence to refute defendant's claimed ignorance of cocaine); supra note 1. Thus, the Rule 404(b) evidentiary ruling did not remotely constitute an abuse of discretion. See id. at 23.

Although Rivera contends that the district court should have instructed the jury not to use the evidence to prove bad character or propensity, Rivera waived his entitlement by failing to request such an instruction. See United States v. Walter, 434 F.3d 30, 35 (1st Cir.), cert. denied, 126 S. Ct. 2879 (2006).

Finally, even if the admission in evidence of Rivera's July 7 offer constituted error under Rule 404(b), it was obviously harmless. See United States v. Roberson, 459 F.3d 39, 49 (1st Cir. 2006) (noting that an erroneous admission of evidence does not warrant reversal if it is "highly probable that the error did not influence the verdict" (citation omitted)). As previously stated, see supra Section II.A., the government adduced video and audio

offer involved the same conspirators and the same modus operandi.

recordings of meetings among the coconspirators, in the course of which Perez explicitly described the plan to steal heroin from the drug dealer's vehicle.  Thus, these "red-handed" recordings inescapably inculpated Rivera.

**<u>Affirmed</u>**.